## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| ANDREA MECHELLE | ) | CASE NO.  09-80542-CRM |
| BROWNRIDGE | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

### NOTICE OF HEARING ON MOTION OF CHAPTER 7 TRUSTEE TO SELL UNDEVELOPED REAL PROPERTY KNOWN AS 1.755 +/- ACRES, KIMBERLY ROAD, ATLANTA, FULTON COUNTY, GEORGIA AND FOR AN ORDER AT FINAL SALE HEARING (i) APPROVING SALE FREE AND CLEAR, (ii) AUTHORIZING TRUSTEE TO MAKE CERTAIN DISBURSEMENTS AT CLOSING

**PLEASE TAKE NOTICE** that on March 10, 2014, Cathy L. Scarver, Chapter 7 Trustee, pursuant to 11 U.S.C. §§ 363(b) and (f) and Fed. R. Bankr. P. 2002(a)(2), 6004(c) and 9014 filed with the Bankruptcy Court *TRUSTEE'S MOTION TO SELL UNDEVELOPED REAL PROPERTY KNOWN AS 1.755 +/- ACRES, KIMBERLY ROAD, ATLANTA, FULTON COUNTY, GEORGIA AND FOR AN ORDER AT FINAL SALE HEARING (i) APPROVING SALE FREE AND CLEAR, (ii) AUTHORIZING TRUSTEE TO MAKE CERTAIN DISBURSEMENTS AT CLOSING*  (the "Sale Motion").  The Sale Motion seeks authority (a) to sell the undeveloped real property located at Kimberly Road, Fulton County, Georgia (the "Property") and (b) to make certain disbursements at closing, including the payment of the Broker's commission.  The sale of the Property will be at the price of $3500.00.  The Trustee requests an order (a) decreeing that the sale of the Property is free and clear of all liens, encumbrances, interests, and claims (collectively,

"Encumbrances") and that such Encumbrances, if any, shall attach to the proceeds of such sale; (b) authorizing the payment of the required commission to the Brokers, and (c) granting such other and further relief as the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "Sale Hearing") will be held before the Honorable C. Ray Mullins, United States Bankruptcy Judge, on **April 3, 2014, at 11:00 a.m**., in Courtroom 1203, United States Courthouse, 75 Spring Street, S.W., Atlanta, Georgia, whereby the Trustee will seek Court approval:

(a) authorizing the Trustee to close the Sale Contract and sell the Property to the Purchaser;

(b) decreeing that the sale of the Property shall be free and clear of all Encumbrances, and that such Encumbrances, if any, shall attach to the proceeds of such sale;

(c) authorizing the payment of the required commission to the Broker for services rendered in connection with the marketing and sale of the Property; and

(d) granting such other and further relief as the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that your rights may be affected by the Court's ruling on the Sale Motion. You should read the Sale Motion and attachments thereto carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) ***If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the Sale Hearing and must also file a written response to the pleading with the Clerk at the address stated below***. If you file a written response, you must attach a

2

certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk, the Trustee, and counsel for the Trustee, at least two (2) business days before the Sale Hearing. The address of the Clerk's Office is Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Spring Street, Atlanta, Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

This 11th day of March 2014.

_____/S/_____

Scott B. Riddle, Esq.
GA Bar No. 604855
Suite 1530 Tower Place
3340 Peachtree Street NW
Atlanta GA 30326
Telephone: (404) 815-0164
***Counsel for Chapter 7 Trustee***

3

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| ANDREA MECHELLE | ) | CASE NO.  09-80542-CRM |
| BROWNRIDGE | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**TRUSTEE'S MOTION TO SELL UNDEVELOPED REAL PROPERTY
KNOWN AS 1.755 +/- ACRES, KIMBERLY ROAD, ATLANTA, FULTON
COUNTY, GEORGIA AND FOR AN ORDER AT FINAL SALE HEARING
(i) APPROVING SALE FREE AND CLEAR, (ii) AUTHORIZING TRUSTEE
TO MAKE CERTAIN DISBURSEMENTS AT CLOSING**

COMES NOW Cathy L. Scarver, as Chapter 7 Trustee (the "Trustee") for the

estate of Andrea Mechelle Brownridge, the above-stated debtor (the "Debtor"), and

submits Trustee's Motion to Sell Undeveloped Real Property Located at 1.755 +/-

Acres, Atlanta, Fulton County, Georgia (the "Property" or "Tract B"). In support of

the Motion, Trustee shows the Bankruptcy Court as follows:

**I. JURISDICTION AND VENUE**

1.      The Bankruptcy Court has jurisdiction over this Motion pursuant to 28

U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S. C. §

157 (b) (2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory

predicates for the relief sought herein are Sections 105(a), and 363(b), (f) and (m) of the Bankruptcy Code.

## II. BACKGROUND

### Bankruptcy Case and Trustee

2.      On August 4, 2009 (the "Petition Date"), Andrea Mechelle Brownridge, an individual, filed her voluntary case under Chapter 11 of Title 11 of the United States Code, U.S.C. §§ 101 et.seq., as amended (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta, Division (the "Bankruptcy Court"), styled In re Andrea Mechelle Brownridge, 09-80542- CRM (the "Bankruptcy Case").

3.      Cathy L. Scarver was appointed Chapter 7 trustee and continues as such.

### Kimberly Road Property as Property of Bankruptcy Estate

4.      At the commencement of the Bankruptcy Case, a bankruptcy estate was created (the "Bankruptcy Estate"), pursuant to 11 U.S.C. §541(a). The Bankruptcy Estate includes all legal or equitable interests of the Debtor in property as of commencement of the Bankruptcy Case and any interest in property that the estate acquires after commencement of the Bankruptcy Case. 11 U.S.C.

§541(a)(1) and(7). Trustee is the sole representative of the Bankruptcy Estate. 11 U.S.C. §323(a).

5.      Prior to the filing of her Chapter 7 case, Debtor was the owner of real property located on Kimberly Road, Fulton County, Georgia.  For purposes of this Motion, Debtor owned Tract A, which consisted of 43 +/- Acres, and Tract B, which consisted of 1.755 +/- Acres.  Tract A and Tract B are adjoining properties and are taxed as one parcel.

6.      In July 2009, Debtor transferred Tract A only to Corry Heyward by way of a Warranty Deed (the "Heyward Deed").

7.      On September 30, 2009, the Trustee filed her complaint to avoid the Heyward Deed and recover Tract A for the Chapter 7 Estate. Adv. Proc. No. 09-6565-CRM.

8.      The Trustee subsequently resolved the Adversary Proceeding with Heyward, avoided the Heyward Deed and recovered Tract A for the Estate by way of a Quit Claim Deed from Heyward.  The Settlement was approved by Court Order entered September 1, 2010 (Dkt. No. 17).

9.      On December 19, 2013 the Trustee filed a Motion to Sell Tract A to Celeste Property Ventures, LLC.  The sale was approved by Court Order entered January 27, 2014, and the Trustee has subsequently sold Tract A.

6

10.     Tract B, the subject of this Motion, was not transferred to Heyward

pre-petition and became part of the Chapter 7 Estate upon the filing of the Petition.

### III. SALE

### The Property being Sold

11.     The property being sold is all right, title, and interest of the

**B**ankruptcy Estate in, to, and under the Property, as further described on

**Attachment I** to this Motion and incorporated herein by reference.[1]

### The Marketing of the Property

12.     The Property (including Tracts A & B) has been marketed

continuously since the Trustee recovered Tract A for the Estate.  The Trustee

retained, with Court approval, Elrod Auction Company and City Realty Advisors to

market the Property for sale.  Most recently, the Trustee retained Bull Realty to act

as brokers for the Property.

### Selling Process and Sale Submitted for Approval

13.     Trustee received an offer to purchase the Property by Kimberly Road

Development, LLC ("Purchaser"). After engaging in negotiations, Trustee entered

into an agreement with Purchaser dated February 6, 2014 (the "Agreement").  To

the best of Trustee's knowledge, Purchaser has no connection with the Debtor,

---

1 The property description attached as Attachment I is merely to aid in the identification of the Property.  The
Trustee expressly disclaims any warranty that the description is true and accurate.

Trustee or any other party in this case and is an arms-length purchaser; except, however, Purchaser is related to, or shares common ownership with, Celeste Property Ventures, the purchaser of Tract A.

14.    Purchaser may assign its rights in the Agreement to a separate, related entity it creates for the purpose of purchasing and/or owning the Property.

15.    A copy of the Agreement is attached to this Motion as **Attachment II**, and is incorporated herein by reference. Certain material terms of the Agreement are summarized as follows:

Purchase Price: $3500.00

Earnest Money Deposit: $ 1500.00

***To understand all of the terms of the Agreement, the Agreement must be read in its entirety***.

16.    In Trustee's business judgment, the Agreement is reasonable and adequate, and is the highest and best offer, and Trustee's sale of the Property is in the best interest of the Bankruptcy Estate and Creditors.

## IV. AUTHORITY

### Sale Generally

17.     Section 363(b)(1) of the Bankruptcy Code provides that a trustee,

"after notice and a hearing, may use, sell, or lease, other than in the ordinary course

of business, property of the estate."

18.     This is a sale of substantially all of the remaining assets of this

Bankruptcy Estate as of the date of the Motion.

19.     In this Chapter 7 case, a sale pursuant to Section 363 of the

Bankruptcy Code may be approved if (a) the property has been adequately exposed

to the market and fair and adequate notice of a proposed sale has been given, (b) the

sale is being proposed in good faith and the purchaser will be a good faith

purchaser, (c) the purchase price is adequate, and (d) it is in the best interest of the

estate and the creditors. Each of these requirements has been met.

### Exposure to Market and Notice

20.     The Property has been exposed to the market by Trustee's Brokers for

well over three years.

### Good Faith

21.     The sale is being proposed in good faith and the purchaser will be a

good faith purchaser. Section 363(m) of the Bankruptcy Code provides:

9

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). While the Bankruptcy Code does not define "good faith", the

Third Circuit in In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143 (3d Cir.

1986), has held that:

> [t1he requirement that a purchaser act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.

788 F.2d at 147 (citations omitted).

22.    The Agreement was negotiated at arm's-length, and the Purchaser has

at all times acted in good faith under the Section 363(m) standard. Trustee thus

requests that the Bankruptcy Court make a finding that the Purchaser has purchased

the Property in good faith within the meaning of Section 363(m) of the Bankruptcy

Code.

10

### Adequate Price and Best Interest

23.    Trustee submits that the Agreement provides an adequate price and the highest and best price under the circumstances.

24.    According to Trustee's investigation and the opinion of Trustee's Broker, the Purchase Price is adequate in light of the opinion of value and the continuing expenses of the administration of the Chapter 7 Estate.  Importantly, as Tract B was a small parcel of the original tract of real property owned by Debtor, the Trustee believes Tract B has little or no market value to any purchaser other than Purchaser herein, as Purchaser shares common ownership with the purchaser of Tract B.  Absent a sale to Purchaser, the Trustee would likely abandon the Property.

25.    Based on the above analysis and considerations, in Trustee's business judgment, the Agreement is the highest and best offer, and is in the best interest of the Bankruptcy Estate and creditors.

### Free and Clear

26.    The sale will be free and clear of all liens, claims, interests, and encumbrances. Section 363(f) of the Bankruptcy Code sets forth the conditions under which a sale of estate property outside the ordinary course of business can be free and clear of all liens, claims, interests, and encumbrances.  Estate property may

11

be sold free and clear under Section 363(f)(1) if applicable non-bankruptcy law

permits it, under Section 363(f)(2) if such lien holder consents, under Section

363(f)(3) where the price at which the property is to be sold is greater than the

aggregate value of all liens on the property, under Section 363(f)(4) if such interest

is in bona fide dispute, or under Section 363(f)(5), if a lien holder could be

compelled to accept a money satisfaction in a legal or equitable proceeding.

### Real Estate Taxes, Mortgage and Liens

27.    It appears that no tax liens have been filed of record against the

Property.  Upon information and belief, all property taxes have been paid and

Purchaser will be responsible for any taxes that may be due.

28.    The Trustee is aware of no liens on the Property from secured lenders,

materialmen, mechanics or other parties, or judgment liens.

### Prompt Sale

29.    Trustee, as seller of the Property, believes that a prompt sale of the

Property is essential to preserve the value of the asset for the benefit of the

Bankruptcy Estate and the creditors.

30.    Real property sales in the area have slowed considerably during the

last several years.  Both Tract A and Tract B have been exposed to the market for

over three years.  As stated herein, the Trustee believes that the Property does not

have significant value to any other parties other than the party that purchased Tract

A.  Purchaser is a related entity to the purchaser of Tract A.

31.    The sale of the Property shall be without representations or warranties

of any kind, nature, or description by Trustee, its agents or the Bankruptcy Estate.

The transactional documents shall provide that **THE TRUSTEE HEREBY**

**EXPRESSLY DISCLAIMS ANY AND ALL EXPRESS OR IMPLIED**

**WARRANTIES WITH RESPECT TO THE PROPERTY, INCLUDING,**

**WITHOUT LIMITATION, THE WARRANTIES OF MERCHANTABILITY**

**AND FITNESS FOR ANY PARTICULAR PURPOSE. THE PROPERTY**

**SHALL BE TRANSFERRED "AS IS", "WHERE IS, " WITH "ALL**

**FAULTS."**

32.    In the event of any conflict in the terms and conditions set forth herein

and in any agreement for purchase of the Property approved by the Bankruptcy

Court ("Approved Purchase Agreement"), the Court's Order shall govern.


**VI. RELIEF REQUESTED**

33.    Trustee respectfully requests that the Bankruptcy Court grant the

following relief:

(i) authorize Trustee, pursuant to 11 U.S.C. §§ 105, and 363 (b), (f), and (m) [and Bankruptcy Rule 6004], to sell the Property to the Purchaser under the Agreement in accordance with the terms of the Agreement, free and clear of all liens, claims, interests, and encumbrances, with all such valid liens, claims, interests, and encumbrances attaching to the proceeds of the sale in the same order of priority as they attached to the Property;

(ii) find that the Purchaser is a good faith purchaser of the Property within the meaning of Section 363(m) of the Bankruptcy Code;

(iii) authorize Trustee to pay from the proceeds of this sale at closing the commission due to Bull Realty, the Trustee's Broker, in the amount of ten percent (10%) of the purchase price.

(vi) grant such other and further relief as is just and proper.


Respectfully submitted this 11th day of March 2014.

/s/_____
Scott B. Riddle, Esq.
Georgia Bar No. 604855
*Attorney for Trustee*

Suite 1530 Tower Place
3340 Peachtree Road NE
Atlanta, Georgia 30326
(404) 815-0164
(404) 815-0165 (facsimile)
Scott@scottriddlelaw.com

14

Attachment I

**Tract "B"**

All that Tract or parcel of land lying and being in Land Lot 30 of the 14th District of originally Fayette, now Fulton County, Georgia being more particularly described as follows:

BEGINNING at the Northwesterly most corner of Land Lot 30 said point being at the corners of Land Lots 45, 46, 29 and the said Northwesterly most corner of Land Lot 30, running thence;

1) North 88 Degrees, 53 Minutes, 12 Seconds East a distance of 109.49 feet to a point, said point being the Northwesterly most point of Tract "A" set forth above; thence

2) South 04 Degrees, 21 Minutes, 42 Seconds West a distance of 49.86 feet to a point; thence

3) South 04 Degrees 21 Minutes, 41 Seconds East a distance of 991.35 feet to a point; thence

4) North 86 Degrees, 38 Minutes, 39 Seconds West a distance of 38.20 feet to a point on the Easterly lot line of Land Lot 30; thence

5) North 00 Degrees, 26 Minutes, 06 Seconds East a distance of 1,033.87 feet to the Point and Place of BEGINNING.

Said Tract being designated as Tract "B" as shown on a Survey drawn by D.W. Lynah Surveyors and Engineers, Registered Land Surveyor No. 1845, dated February 3, 1992, bearing Map No. 135160-150 and showing the said Tract "B" to contain 1.755 Acres, and said tract not being previously described in a June 5, 1984 survey prepared by David W. Lynah.

Attachment II

## AGREEMENT FOR THE SALE
## AND PURCHASE OF REAL ESTATE

THIS AGREEMENT, entered into this _l8th_ day of February 2014 by and between Cathy L. Scarver, in and only in her capacity as Chapter 7 Trustee for the Bankruptcy Estate of Andrea Mechelle Brownridge (hereinafter referred to as "Seller"); and Kimberly Road Development, LLC (hereinafter referred to as "Purchaser").

## W I T N E S S E T H:

FOR AND IN CONSIDERATION of the sum of TEN AND NO/100 DOLLARS ($10.00), each to the other paid, the mutual covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto, intending to be legally bound, agree as follows:

1.    PROPERTY

(A)    Upon the terms and conditions hereinafter set forth, Seller agrees to sell and Purchaser agrees to purchase all of the Bankruptcy Estate's right, title, and interest, in, to and under that tract or parcel of land known as Tract B, Land Lot 30, Kimberly Road, Fulton County, Georgia and being more particularly described on Exhibit "A" attached hereto and made a part hereof (hereinafter referred to as the "Property").

(B)    **"As Is" Sale"**.  Seller and Purchaser agree that the Property to be sold under this Agreement shall be sold "AS IS," "WHERE IS," "WITH NO REPRESENTATIONS OR WARRANTIES WHATSOEVER, EXPRESS OR IMPLIED" and "WITH ALL FAULTS."

2.    PURCHASE PRICE; CLOSING COSTS

(A)    The Purchase Price for the Real Property to be paid by Purchaser to Seller for the purchase and sale of the Property as contemplated herein (hereinafter referred to as the "Closing" and the date of such Closing hereinafter referred to as the "Closing Date") shall be:

the sum of **Three Thousand, Five Hundred Dollars**  (**$3500.00**) to be paid in cash at closing.

(B)    Purchaser shall pay all closing costs incident to the transaction contemplated herein.

3.    EARNEST MONEY

(A)    Purchaser shall pay to Seller an Initial Earnest Money deposit of **Fifteen Hundred Dollars ($1500.00)** (the "Earnest Money") at the time of Purchaser's execution and delivery of this Agreement to Seller.

(B)    The Earnest Money shall be held by Seller and applied or disbursed in accordance with the terms of this Agreement.  At closing, all Earnest Money (initial, additional and otherwise) shall be applied as part payment of the purchase price of said property at the time the sale is consummated.

(C)    The Earnest Money is nonrefundable upon the execution and delivery to Seller of this Agreement.

4.    CLOSING

Unless extended by agreement of the parties, the Closing shall be held on or before ten (10) days after the Bankruptcy Court order approving the sale becomes a final order. The exact time and place of Closing and the Closing Date shall be selected by Purchaser by notice to Seller not less than five (5) days prior to the Closing Date.  If no such selection is timely made, the Closing shall be held at 3:00 p.m. on the last possible business date for closing under this Agreement at the offices of Scott B. Riddle, Esq., counsel for Seller, or at such other place and time as Purchaser and Seller may agree upon in writing.  Time is of the essence of this Agreement.

5.    CONVEYANCE OF TITLE

(A)    At the Closing, Seller shall deliver to Purchaser the Trustee's Deed, and deliver to Purchaser possession of the Property at and as of the time of execution and delivery of the Trustee's Deed. The Trustee has no knowledge of the Property and will make NO REPRESENTATIONS OR WARRANTIES as to the Property or its sale other than that the Trustee is the Trustee.

(B)    Title to the Property shall be conveyed by Seller to Purchaser by Trustee's Deed, free of all liens, leases, loans, outstanding property taxes and encumbrances without any exceptions.

(C)    At the Closing, Seller shall execute and deliver to Purchaser a certificate with respect to Seller's non-foreign status sufficient to comply with the requirements of Section 1445 of the Internal Revenue Code, commonly known as the Foreign Investment in Real Property Tax Act of 1980, and all regulations applicable thereto (collectively referred to as "FIRPTA").

(D)    At Closing, Seller shall execute and deliver to Purchaser an affidavit certifying that Seller is a Georgia resident or is otherwise exempt from the requirements of O.C.G.A. §48-7-128.

(E)    At Closing, Seller shall execute and deliver such other documents as Purchaser may reasonably require to effect or complete the transaction contemplated by this Agreement.

6.    <u>PRORATIONS</u>

(A)  There are no prorations for property taxes or other taxes. Purchaser is to be responsible for all Taxes due.

7.    <u>INSPECTION OF PROPERTY</u>

(A)    <u>Entry Upon Property</u>.  Purchaser shall have, at purchaser's expense, the privilege, during the term of this Agreement, at reasonable times during normal business hours, and with reasonable notice to the Seller or her agents, to go upon the Property with Purchaser's agents, representatives or designees to inspect, examine and survey the Property. Further, Purchaser agrees to repair any damage caused to the Property by Purchaser's agents, employees and independent contractors as a result of the surveying, inspection and testing of the Property so as to return the Property to its condition prior to such surveying, inspection and testing by Purchaser's agents.  Purchaser indemnifies and holds Seller harmless from and against loss or damage Seller may incur and any and all liens that may arise as a result of Purchaser's activities or the activities of Purchaser's agents, representatives or designees on the Property and against any and all claims for death or injury to persons or properties arising out of or connected with Purchaser's (or its agents, representatives or designees) going upon the Property pursuant to the provisions of this Paragraph 8 or otherwise, and against all costs, expenses and liability occurring in or in connection with any such claim or proceeding brought thereon, including, without limitation, court costs and reasonable attorney's fees.  This indemnity shall survive the Closing or any termination of this Agreement.

8.    <u>SURVEY</u>

(A)    Purchaser may, in its discretion and at its expense, cause to be prepared an accurate survey of the Property by a surveyor registered under the laws of the State of Georgia reasonably acceptable to Seller (hereinafter referred to as the "Survey").  The Survey shall contain a computation of the acreage of the Property to the nearest one-hundredth (1/100th) of an acre, less any portion of the Property within any right-of-way.  Purchaser shall deliver one (1) print of the Survey, together with a legally sufficient description of the metes and bounds of the Property based on the Survey, to Seller no later than three (3) days prior to the Closing.

9.    <u>NOTICES</u>

(A)    All notices, demands, deliveries of surveys, and any and all other communications that may be or are required to be given to or made by either party to the other in connection with this Agreement shall be in writing and shall be deemed to have been properly given if delivered in person, by overnight delivery service prepaid, by nationally recognized air express carrier, or U.S. Postal Service, postage prepaid, registered or certified, return receipt requested, to the addresses set out below or at such other addresses as specified by written notice and delivered in accordance herewith:

TO SELLER:

                    Cathy Scarver, Trustee
                    P. O. Box 672587
                    Marietta, Georgia  30006

                    Scott B. Riddle, Esq.
                    Suite 1530 Tower Place
                    3340 Peachtree Road NE
                    Atlanta, GA 30326


TO PURCHASER:

                    Kimberly Road Development, LLC
                    69-12 Harrow St
                    Forest Hills Ny
                          11375


     (B)    For purposes of this Agreement, the time of actual delivery, as evidenced by a signed receipt therefor, if made in person, or three (3) days after the date of postmark or if by mail, shall be deemed the date of any notice, demand or delivery.

    10.    CONDEMNATION/CASUALTY

    If prior to the Closing of the sale contemplated herein any portion of the Property is (i) damaged by fire, or other casualty, or (ii) subject to a bona fide threat of condemnation by a body having the power of eminent domain or condemnation, or sale in lieu thereof, Purchaser may elect to terminate this Agreement by giving the Seller notice to such effect within ten (10) days after receipt of notice of such occurrence [with the Closing Date to be postponed, if necessary, to give both parties the benefit of the full ten (10) day period], and both parties shall be relieved and released of and from any and all further liability hereunder (other than any liability or indemnity that by the express terms hereof survives any termination of this Agreement), and Seller shall forthwith return to Purchaser all amounts paid by Purchaser as Earnest Money, whereupon this Agreement shall be terminated.  If Purchaser elects not to terminate, this Agreement shall remain in full force and effect and the purchase contemplated herein, less any property taken by eminent domain or condemnation or under threat of being so taken, shall be effected without reduction in the Purchase Price, and Seller shall, at the Closing, assign, transfer and set over unto Purchaser all of Seller's right, title and interest in and to any insurance proceeds or any awards paid or payable for such taking.

    11.    BROKER

    Seller and Purchaser each warrant to the other that no real estate broker or agent is entitled to a commission paid from the sale proceeds as a result of the transaction contemplated

with the exception of the agent for the Seller, Bull Realty ("Broker") Georgia License #H-20209. Seller's agent shall be paid per a separate agreement, pursuant to Court order. Each party hereby indemnifies and agrees to hold harmless the other from any claim by any real estate agent or broker for any commission as a result of this transaction, which claim is caused or produced by such party, other than as described herein. No commission is earned or due unless the sale of the Property closes and is successfully completed. The agents shall not receive, be paid or due a commission unless the sale of the Property closes and is successfully completed.

12.   DEFAULT

In the event the transaction contemplated hereby is not closed because of Purchaser's default, the Earnest Money shall be paid to Seller as full liquidated damages for such failure to close pursuant to O.C.G.A. Sec. 13-6-7, the parties acknowledging the difficulty of ascertaining Seller's damages in such circumstances and that the amount specified as Earnest Money represents a reasonable good faith estimate by the parties of the amount of damages that Seller would incur in such event, whereupon neither party hereto shall have any further rights, claims or liabilities under this Agreement except for the provisions which are made to survive the termination or cancellation of this Agreement. Said liquidated damages shall be Seller's sole and exclusive remedy, and Seller shall expressly not have the right to seek specific performance. In the event the transaction contemplated hereby is not closed because of Seller's default, then the Earnest Money shall be refunded promptly to Purchaser.

13.   SELLER'S AGREEMENTS

(A) (1)   From and after the date of this Agreement to the date and time of Closing, Seller shall not, without the prior written consent of Purchaser, convey any portion of the Property or any rights therein, nor enter into any conveyance, lease (other than those presently existing), security document, easement or other agreement or amendment to agreement granting to any person or entity any rights with respect to the Property or any part thereof, or any interest whatsoever therein, or any option thereto, and any such conveyance or other agreement entered into in violation of this shall be null and void and of no force or effect.

(B)   Seller warrants, represents and agrees that:

(1)   The Seller represents that the she is the trustee-in-bankruptcy for the Chapter 7 Bankruptcy Estate of Andrea Mechelle Brownridge, Chapter 7 Case No. 09-80942 (N.D. Ga.), and is acting as such trustee-in-bankruptcy and not individually.

14.   SURVIVAL AND TERMINATION

(A)   The provisions of this Agreement concerning disbursement of the Earnest Money, Purchaser's entering upon the Property and any others expressly so indicated shall survive Termination.

(B)    The terms "terminate" or "termination" shall mean the termination of this Agreement pursuant to a right to do so provided herein.  Upon termination, the Earnest Money shall be disbursed as provided herein, and the parties shall have no further rights or duties under this Agreement except as expressly provided herein.

15.    POSSESSION; REMOVAL OF PERSONAL PROPERTY

(A)    Seller shall deliver actual possession of the Property to Purchaser at Closing.

(B)    Seller represents that Seller has no personal property Seller is retaining on or in the Property.

16.    MISCELLANEOUS

(a)    This Agreement shall be construed and interpreted under the Laws of the State of Georgia.

(b)    To the extent any rights, powers or privileges are expressly stipulated herein, such rights, powers and privileges shall be restrictive of those given by law.

(c)    No failure of Purchaser or Seller to exercise any power given either party hereunder or to insist upon strict compliance by either party or its obligations hereunder, and no custom or practice of the parties at variance with the terms hereof shall constitute a waiver of either party's right to demand exact compliance with the terms hereof.  Any condition or right of termination or rescission granted by this Agreement to either Purchaser or Seller may be waived in writing by the party for whose benefit such condition or right was granted.

(d)    Time is of the essence in complying with the terms, conditions and agreements of this Agreement.

(e)    This Agreement contains the entire agreement of the parties hereto with respect to the subject matter hereof and no representations, inducements, promises or agreements, oral or otherwise, between the parties and not expressly stated herein, shall be of any force or effect.

(f)    This Agreement shall be binding upon and shall inure to the benefit of the parties hereto, their respective heirs, legal representatives, successors and permitted assigns.

(g)    No amendment to this Agreement shall be binding upon Purchaser and Seller unless such amendment is in writing duly executed by both Purchaser and Seller.

(h)    This Agreement may be executed in separate counterparts.  It shall be fully executed when each party whose signature is required has signed at least one counterpart even though no one counterpart contains the signatures of all the parties.  The date on which the

last of the parties executes the Agreement shall be the Execution Date.

   (k)    **Notwithstanding anything to the contrary contained herein, this contract is contingent upon approval of the United States Bankruptcy Court. If Bankruptcy Court approval does not occur this contract shall be void and of no effect and Purchaser shall receive a refund of the Earnest Money.**

   IN WITNESS WHEREOF, Seller and Purchaser have caused this instrument to be executed under seal as of the day and year first above written.

The undersigned personally represent and warrant that they have the authority to sign for their respective entity.

SELLER: Cathy L. Scarver, as and only as            PURCHASER: Kimberly Road
Chapter 7 Trustee of the Bankruptcy Estate of            Development, LLC
Andrea Mechelle Brownridge

By: _____

Its: _JOAN BITTER /Managing Member_

_3|6|14_            _3|6|14_
Date of Seller's Execution            Date of Purchaser's Execution

-------------------------------------------------------------------------------------------

CERTIFICATE OF SERVICE

This is to certify that I have caused this day to be served a true and correct copy of

the foregoing Motion and Notice of Hearing by depositing same in United States

Mail in a properly addressed envelope with adequate postage thereon to the parties

listed below and the service list attached as Exhibit A:

Office of the U. S. Trustee
Room 362
75 Spring Street, SW
Atlanta, GA 30303

Andrea Mechelle Brownridge
5400 NW 39th Ave
Unit S165
Gainesville FL 32606

**Andrea Mechelle Brownridge**
PO Box 32
Hampton, GA 30228

John DeYonker
Bull Realty, Inc.
50 Glenlake Parkway
Suite 650
Atlanta, GA  30328

Celeste Property Ventures, LLC
69-12 Harrow Street
Forest Hills NY 11375

Kimberly Road Development, LLC
69-12 Harrow Street
Forest Hills NY 11375

        This 11th day of March 2014.

                                    _____/S/_____
                                    Scott B. Riddle

15

```
Label Matrix for local noticing        AFFILIATED COMPUTER SERVICES, INC.    AFFILIATED COMPUTER SERVICES, INC.
113E-1                                  3333 GREEN BAY ROAD                   3333 GREEN BAY ROAD
Case 09-80542-crm                       NORTH CHICAGO IL 60064-3037          NORTH CHICAGO IL 60064-3037
Northern District of Georgia
Atlanta
Mon Dec 23 14:43:31 EST 2013

AMERICAN INFOSOURCE LP AS AGENT FOR     Affiliated Computer Service          American InfoSource LP as agent for TD Bank,
TARGET                                  3333 Green Bay Road                   PO Box 248866
PO Box 248866                           North Chicago, IL 60064-3037         Oklahoma City, OK 73124-8866
Oklahoma City, OK  73124-8866


Andrea Mechelle Brownridge              Bull Realty, Inc.                     CHASE
PO Box 32                               1801 Piedmont Ave. NE                 CARDMEMBER SERVICE
Hampton, GA 30228-0032                  Suite 200                             PO BOX 15153
                                        Atlanta, GA 30324-5214                WILMINGTON DE 19886-5153


CHASE VISA (UNITED)                     (p)CITIBANK                           CITY OF CHICAGO DEPARTMENT OF REVENUE
CARDMEMBER SERVICE                      PO BOX 790034                         ARNOLD SCOTT HARRIS, P.C.
PO BOX 15153                            ST LOUIS MO 63179-0034                ATTORNEYS AT LAW
WILMINGTON DE 19886-5153                                                      PO BOX 5625
                                                                             CHICAGO IL 60680-5625


CITY OF CHICAGO DEPARTMENT OF REVENUE   COLLECTION AGENCY:                    CORRY L HAYWARD
ARNOLD SCOTT HARRIS, P.C.               LAzEGA & JOHANSON LLC                 PO BOX 651
J ATTORNEYS AT LAW                      3520 PIEDMONT RD, NE SUITE 415,       MARIETTA GA 30061-0651
PO BOX 5625                             ATLANTA GA 30305-1512
CHICAGO IL 60680-5625


Chase Bank USA, N.A.                    Citibank Mastercard                   City Realty Advisors, LLC
PO Box 15145                            Citi Cards                            Timothy Holdroyd
Wilmington, DE 19850-5145               PO Box 6888901                        888 83rd Street N.W.
                                        Des Moines IA 50368-8901             Atlanta, GA 30518


Corry LeBenjamin Hayward                DIRECPATH                             DISCOVER BANK
PO Box 651                              PO BOX 2224                           DFS Services LLC
Marietta, GA 30061-0651                 BIRMINGHAM AL 35246-0012             PO Box 3025
                                                                             New Albany, Ohio  43054-3025


DISCOVER CARD                           DISCOVER CARD                         DREW ECKL & FARNHAM
DISCOVER CARD                           PO BOX 6103                           DREW ECKL & FARNHAM, LLP
PO BOX 6103                             CAROL STREAM IL 60197-6103           P O BOX 7600
CAROL STREAM IL 60197-6103                                                   ATLANTA GA 30357-0600


DREW ECKL & FARNHAM, LLP                Direcpath                             FULTON COUNTY TAX COMMISSIONER
P O BOX 7600                            directpATH                            FULTON COUNTY TAX COMMISSIONER
ATLANTA GA 30357-0600                   POBOX 2224                            PO BOX 105052
                                        BIRMINGHAM AL 35246-0012             ATLANTA GA 30348-5052


FULTON COUNTY TAX COMMISSIONER          Fulton County Tax Commissioner        GE Money Bank
PO BOX 105052                           141 Pryor St, Suite 1113              c/o Recovery Management Systems Corporat
ATLANTA,  GA 30348-5052                 Atlanta, GA 30303-3566               25 SE 2nd Ave Ste 1120
                                                                             Miami FL 33131-1605
```

(p)GEORGIA DEPARTMENT OF REVENUE
COMPLIANCE DIVISION
ARCS BANKRUPTCY
1800 CENTURY BLVD NE SUITE 9100
ATLANTA GA 30345-3202

Laura A. Grifka
McCurdy & Candler
Suite 600
250 E. Ponce de Leon
Decatur, GA 30030-3406

HOUSEHOLD BANK
HSBC CARD SERVICES
PO BOX 17051
BALTIMORE MD 21297-1051

HOUSEHOLD BANK
HSBC CARD SERVICES
POBOX 17051
BALTIMORE MD 21297 1051
COLLECTION AGENCY: ER SOLUTIONS, INC.

Christie G. Hennings
McCurdy & Candler, L.L.C.
Six Piedmont Center - Suite 700
3525 Piedmont Road, NE
Atlanta, GA 30305-1608

ISTA
PO BOX 660610
DALLAS TX 75266-0610

Jeffrey K. Kerr & Company, LLC
241 West Wieuca Road, N.E.
Suite 130
Atlanta, GA 30342-3300

LAW OFFICES OF MCCURDY & CANDLER LLC
250 E PONCE DE LEON AVE
SUITE 600
DECATUR GA 30030-3406

MACYS
PO BOX 183083
COLUMBUS OH 43218-3083

MACYS VISA
DEPARTMENT STORES NATIONAL BANK/VISA
PO BOX 140516
TOLEDO OH 43614-0516

MILESTONE MASTERCARD
BANKCARD SERVICES
PO BOX 23067
COLUMBUS GA 31902-3067

Macys
PO BOX 183083
Columbus, OH 43218-3083
Collection Agency: ACB American, Inc.

Macys Visa
Department Stores National Bank/Visa
PO Box 140516
Toledo OH 43614-0516
Collection Agency: United Collection Bur

Midland Funding LLC
By its authorized agent Recoser, LLC
25 SE 2nd Ave, Suite 1120
Miami, FL 33131-1605

NEWYORK &COMPANY
WFNNB - NEW YORK & CO
PO BOX 659728
SAN ANTONIO TX 78265-9728

New York & Company
WFNNB New York & Co
PO Box 659728
San Antonio TX 78265-9728

Office of the United States Trustee
Room 362
75 Spring Street, SW
Atlanta, GA 30303-3330

PARK CENTRAL CONDO ASSOCIATION, INC.
COLLECTION AGENCY:
LAZEGA & JOHANSON LLC
3520 PIEDMONT RD, NE SUITE 415
ATLANTA GA 30305-1512

PYOD LLC its successors and assigns as assig
Citibank
c/o Resurgent Capital Services
PO Box 19008
Greenville, SC 29602-9008

Park Central Condominium Association, Inc.
c/o Lazega & Johanson, LLC
3520 Piedmont Road, Ste 415
Atlanta, GA 30305-1512

Recovery Management Systems Corporation
GE Capital Retail Bank
c/o Recovery Management Systems Corp.
25 SE 2nd Avenue, Suite 1120,RameshSingh
Miami, FL 33131-1605

Recovery Management Systems Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605

Scott B. Riddle

Scott B. Riddle
Suite 1530 Tower Place
3340 Peachtree Road, NE
Atlanta, GA 30326-1000

Roundup Funding, LLC
MS 550
PO Box 91121
Seattle, WA 98111-9221

SALLIE MAE, INC.
POBOX 9533.
WILKES-BARRE PA 18773-9533

SAM'S CLUB
PO BOX 530942
ATLANTA GA 30353-0942

SAM'S CLUB
SAM'S CLUB
POBOX 530942
ATLANTA GA 30353-0942

SEARS
SEARS CREDIT CARDS
PO BOX 183082
COLUMBUS OH 43218-3082

SEARS GOLD MASTERCARD
SEARS CREDIT CARDS
PO BOX 183082
COLUMBUS OH 43218-3082

Cathy L. Scarver
P. O. Box 672587
Marietta, GA 30006-0044

Sears Credit Cards
PO Box 183081
Columbus, OH 43218-3081

TARGET VISA
TARGET NATIONAL BANK
PO BOX 59317
MINNEAPOLIS MN 55459-0317

TCF NATIONAL BANK
COLLECTION AGENCY:
MILLENNIUM CREDIT CONSULTANTS
PO BOX 18160
WEST ST PAUL MN 55118-0160

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

U.S. DEPARTMENT OF EDUCATION
DIRECT LOAN PAYMENT CENTER
P.O. BOX 530260
ATLANTA, GA 30353:0260

US BANK
PO BOX 5227 CN-OH-W15
CINCINNATI OH 45202-5227

US Bank
PO Box 5227
Cincinnati OH 45202-5227

WASHINGTON MUTUAL BANK
ATTN: HOMEOWNERSHIP PRESERVATION
72SS BAYMEADOWS WAY
JACKSONVILLE, FL 322S6